UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

EARLIE B.A. BERRY, JR.,           )
                                  )
                 Petitioner,      )
                                  )
         vs.                      )    No. 2:17-cv-00251-WTL-MJD
                                  )
BRIAN SMITH,                      )
                                  )
                 Respondent.      )

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The petition of Earlie B.A. Berry, Jr., for a writ of habeas corpus challenges a prison disciplinary proceedings identified as No. ISR 17-01-0059. For the reasons explained in this Entry, the Respondent's unopposed motion to dismiss must be granted and Mr. Berry's habeas petition must be **denied**.

**A.    The Disciplinary Proceedings**

On December 30, 2016, Mr. Berry was charged in case ISF 17-01-0059 with offense B-202, possession of a controlled substance. The conduct report states that while searching Mr. Berry's bed area the officer discovered a magazine clipping containing a green leafy substance. The contraband was confiscated and photographs were taken. The substance was then sent to the facility's Department of Investigations and Intelligence, where it field tested positive for synthetic cannabinoids.

On January 5, 2017, Mr. Berry was notified of the charge of possession of a controlled substance and served with a copy of the conduct report and a copy of the notice of disciplinary hearing "screening report." Mr. Berry was notified of his rights and pleaded not guilty. He requested a lay advocate, and one was later appointed. Mr. Berry did not request any witnesses, but he did request the test results and the video (to show that the substance came off his bed). The Disciplinary Hearing Officer (DHO) conducted a video review on January 6, but the video was inconclusive either way.

On January 9, 2017, the DHO held a disciplinary hearing in case ISF 17-01-0059. Mr. Berry pleaded not guilty and made a statement, claiming the substance consisted of vegetable flakes. After considering the evidence, the DHO found the conduct report "to be true and factual" and found Mr. Berry guilty of offense B-202, possession of a controlled substance. Due to the likely corrective effect of sanctions, the DHO imposed the following: a written reprimand, a 30-day loss of J-Pay privileges, a restitution order of $4.00 for the field test, and a suspended 60-day loss of good-time credit, which was later enforced. Mr. Berry signed the hearing report, acknowledging that he had been made aware of the disposition and of his appeal rights.

The Disciplinary Code for Adult Offenders establishes a two-step administrative appeals process that an offender must follow. The offender must first file a facility-level appeal with the facility superintendent within 15 days of the date of the disciplinary hearing or receipt of the hearing report. If the Superintendent denies the first appeal and the offender suffered a "grievous loss" (e.g., a loss of credit time), the offender must then file a second-level appeal with the Appeal Review Officer for the IDOC, asserting only the claims that were asserted in the first-level appeal.

This second-level appeal must be filed within 15 days of receiving the response from the first-level appeal.

On January 31, 2017, Mr. Berry appealed to the facility head, who denied Mr. Berry's facility-level appeal on February 7, 2017. Mr. Berry never filed a second-level appeal to the final reviewing authority for the Indiana Department of Correction.

Mr. Berry then filed the instant petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**B.     Analysis**

The respondent contends that Mr. Berry's habeas action should be dismissed because his claims are procedurally defaulted because he failed to raise them in his administrative appeals.

To succeed on a petition for a writ of habeas corpus, a petitioner must first "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[W]hen the habeas petitioner has failed to fairly present . . . the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

The respondent argues that Mr. Berry's claims are all procedurally defaulted and that this petition for writ of habeas corpus must be dismissed. Because it is undisputed that Mr. Berry never filed a timely second-level administrative appeal in case ISF 17-01-0059, Mr. Berry did not "fairly present" the claims raised in this action in his administrative appeals, "and the opportunity to [do

so] has passed, [he] has procedurally defaulted th[ose] claim[s]." *Perruquet*, 390 F.3d at 514. It is for this reason that this action must be dismissed.

## C. Conclusion

For the reasons set forth above, the respondent's unopposed motion to dismiss, Dkt. No. 9, is **granted.** Mr. Berry's petition for a writ of habeas corpus is **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/22/17

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Aaron T. Craft
INDIANA ATTORNEY GENERAL
aaron.craft@atg.in.gov

EARLIE B.A. BERRY, JR.
932151
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only